Tuckerman *v.* Bigler.

[MONROE GENERAL TERM, September 3, 1866. *Welles, Johnson* and *J. C. Smith,* Justices.]

———◆·◦·◆———

TUCKERMAN, receiver, &c. *vs.* S. and J. BIGLER.

After an insurance company has, by its own voluntary act and election, put an end to a policy of insurance and disclaimed all further liability upon the same, it can not maintain an action against the insured, upon his premium note.

Where an insurance company, being sued by the insured, to recover for a loss, defended the action upon the ground that the insured had procured other insurance upon the same property, without giving notice of the same, or having it indorsed upon the policy issued by such company ; and the defense was sustained and the defendant recovered a judgment ; *Held* that such judgment was in legal effect an express adjudication between the parties that the policy of insurance sued on was void and of no force after the day on which

the additional insurance was procured, and was expressly avoided by the election of the company, as from that date.

*Held, also,* that the moment the policy became void, by the election of the company to avoid it, the note given by the insured, for the premium, also became void, for want of consideration, in respect to all future risks and losses of the company.

THIS is an appeal from a judgment entered on the report of a referee. The action was commenced under chapter 412 of the Laws of 1862. The plaintiff served an affidavit and notice upon the defendants on the 24th of November, 1863, and made a motion founded thereon. in pursuance of said statute, for a reference, in January, 1864. The referee was appointed and heard the case, and judgment was rendered for the plaintiff. The facts are as follows: The plaintiff is the receiver of the New York Central Insurance Company, organized under the law of April 10, 1849. On the 5th of September, 1851, the defendants made an application for insurance on their steam saw mill in the amount of $1000, and for the premium thereon, executed and delivered the note sought to be recovered on, which was for the sum of $400, payable in such portions and at such time or times as the directors of the company should, agreeably to their charter and by-laws, require. The property of the defendants insured was wholly destroyed by fire on the 8th day of May, 1852; an action was afterwards, and in the year 1852, brought upon the policy, by the defendants, and the company successfully defended upon the ground stated in the opinion of the court, in the present case. The plaintiff made two separate assessments upon the defendants' note; the first, July 4, 1856, the second, December 17, 1861. Notice of the first assessment was given to the defendants in July, and a personal demand of payment of the assessment was made 8th July, 1861, of one of the defendants. The referee found as conclusions of law that there was due from the defendants to the plaintiff the amount of the two assessments made upon the note, with interest; and that the plaintiff was entitled

Tuckerman *v.* Bigler.

to judgment for the whole amount of the premium note, pursuant to the statute of 1853, besides costs and disbursements.

*W. F. Cogswell,* for the appellants.

*Geo. S. Tuckerman,* respondent, in person.

*By the Court,* E. DARWIN SMITH, J.　The note upon which this action is brought expresses upon its face that it was given for value received in policy No. 498 dated September 5, 1857, issued by the New York Central Insurance Company, and it is expressly proved that such policy constituted the only consideration for said note.

It was proved on the trial that in an action brought by the defendants against said insurance company to recover for a loss by fire, sustained by the destruction of the buildings covered by said policy, the said insurance company defended upon the ground that the defendants in this action did, on the 30th of January, 1852, procure from another insurance company a policy of insurance upon the same property insured by said policy 498, and of which they did not give notice to the said New York Central Insurance Company, nor was the same indorsed on said policy of the last mentioned company; that such defense was sustained, and the said last mentioned insurance company recovered final judgment in said action against these defendants, upon the ground aforesaid.

The judgment was in legal effect an express adjudication between the said insurance company and these defendants that the said policy of insurance No. 498, mentioned in the note, was void and of no force after the said 30th day of January, 1852, and was expressly avoided by the election of the said insurance company, as from that date.　The election of the insurance company to declare said policy void, for this cause, and upon the ground aforesaid, must relate to the

time (January 30, 1852,) when the act was committed which gave such right of election to said company. After that date the company, by its own election, had put an end to said policy. It was not, therefore, liable for any loss by fire of the buildings covered by said policy. The relation of insurer and assured no longer existed between the parties, and the defendants ceased to be members of said company. The policy thereupon ceased to be any consideration for said note, and the consideration thereafter utterly failed. After such effect had been accomplished, after the said insurance company had by its own voluntary act and election thus put an end to said policy and disclaimed all further liability upon the same to the defendants, it is difficult to see upon what principle it can be maintained that the defendants remained liable upon said insurance note for further losses sustained by the company. The election of the insurance company to avoid the policy, for the cause assigned, is, I think, equivalent, in legal effect, to a voluntary rescision of the contract of insurance between the parties, and restores both parties to their original rights and position, as before the issuing of the policy and the giving of the note. Both are void and of no further legal effect. The defendants, I think, would be liable for losses incurred while the policy was in full force and valid, and no longer. The moment the policy became void, the note also became void for want of consideration, in respect to all future risks and losses by the company. It follows that the judgment rendered by the referee is erroneous and must be reversed.

Judgment reversed.

[MONROE GENERAL TERM, September 3, 1866. *Welles, E. Darwin Smith* and *Johnson,* Justices.]